Filed 6/27/24  P. v. Veloz CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ROGELIO VELOZ,<br><br>    Defendant and Appellant. | G062593<br><br>(Super. Ct. No. 05NF0836)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, M. Marc Kelly, Judge.  Affirmed.

Siri Shetty, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*        \*        \*

A jury convicted defendant Rogelio Veloz of one count of conspiracy to commit murder (Pen. Code, §§ 182, subd. (a)(1), 187; count 1),[1] two counts of attempted murder with premeditation and deliberation (§§ 187, subd. (a), 664; counts 2 & 3), one count of street terrorism (§ 186.22, subd. (a); count 5), one count of reckless evasion (Veh. Code, § 2800.2; count 6); and possession of a firearm by a felon (former § 12021, subd. (a); count 7).[2] The jury also found true allegations that counts 1, 2, 3, 6, and 7 were committed for the benefit of a criminal street gang (§ 182.22, subd. (b)(1)) and defendant vicariously discharged a firearm causing great bodily injury with regard to counts 1, 2, and 3 (§ 12022.53, subd. (d), (e)).

The court sentenced defendant to a determinate term of 5 years and a consecutive indeterminate term of 40 years to life. In 2011, another panel of this court remanded the matter with directions to modify defendant's sentence. (*People v. Venegas, et al.* (Feb. 15, 2011, G041958) [nonpub. opn.].) The trial court subsequently modified defendant's sentence to life imprisonment with the possibility of parole consecutive to 25 years to life plus a determinate term of 5 years.

In March 2022, defendant filed a petition for resentencing under former section 1170.95 (now § 1172.6).[3] The trial court summarily denied the petition, and defendant did not appeal that ruling. In December 2022, defendant filed another petition for resentencing under section 1172.6 asserting he was eligible for relief given recent authority. The trial court summarily denied defendant's petition for resentencing. Defendant timely filed a notice of appeal.

---

[1]     All further statutory references are to the Penal Code unless otherwise stated.

[2]     Section 12021 was repealed and reenacted as section 29800, operative January 1, 2012. (Stats. 2010, ch. 711, § 4.) Count 4 concerned a codefendant.

[3]     Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no change in text (Stats. 2022, ch. 58, § 10).

2

Appointed counsel indicates she has found no arguable issues but requests we exercise our discretion to independently review the record. Consistent with *Anders v. California* (1967) 386 U.S. 738, appointed counsel identified one issue to assist in our independent review: whether the trial court erred by determining defendant was ineligible for relief as a matter of law. Defendant was given the opportunity to file written argument on his own behalf, but he has not done so. Although defendant has not filed a supplemental brief, we exercise our discretion to conduct an independent review of the record and appointed counsel's brief. (*People v. Delgadillo* (2022) 14 Cal.5th 216, 232.)

We have examined the entire record and have not found an arguable issue on appeal. Accordingly, we affirm the postjudgment order.

FACTS

In March 2022, defendant filed a petition for resentencing and averred: "1. A complaint, information, or indictment was filed against me that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine. [Citation.] [¶] 2. I was convicted of murder, attempted murder, or manslaughter following a trial or I accepted a plea offer in lieu of a trial at which I could have been convicted of murder or attempted murder. [Citation.] [¶] 3. I could not presently be convicted of murder or attempted murder because of changes made to [sections] 188 and 189, effective January 1, 2019."

The court appointed counsel for defendant, received additional briefing from the prosecution, and summarily denied defendant's petition for resentencing. In a statement of decision, the court held defendant was ineligible for relief on count 1 because section 1172.6 does not apply to convictions for conspiracy to commit murder.

3

The court also held the jury instructions established defendant was ineligible for relief on counts 2 and 3 (attempted murder). The court noted the jury was given instructions pertaining to aiding and abetting liability (CALCRIM Nos. 400, 401), but it did not receive any instructions on the natural and probable consequences (CALCRIM No. 403). The court further indicated the jury instructions for murder with malice aforethought (CALCRIM No. 520) "crossed out all references to implied malice, making it clear that [defendant] was convicted under a theory of express malice."

In December 2022, defendant filed another petition for resentencing. In his petition, defendant argued he was entitled to resentencing pursuant to *People v. Strong* (2013) 13 Cal 5th 698 (*Strong*), which was decided after the trial court denied the initial petition. He argued he was found guilty of acting as a major participant with reckless indifference to human life in the attempted murders. He further suggested the jury's findings were made prior to *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522.

The court appointed counsel for defendant, received additional briefing from the prosecution, and conducted a prima facie hearing. At the hearing, defendant's counsel conceded *Strong* "simply does not apply in light of the fact that this was neither a homicide nor felony murder . . . ."

The court denied defendant's petition for resentencing. The court explained *Strong* did not apply because it involved felony murder unlike the instant case. The court also noted it had previously issued a statement of decision denying defendant's prior petition for resentencing.

DISCUSSION

Relief under section 1172.6 is restricted to those convicted of murder "under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that

4

person's participation in a crime . . . ." (*Id*., subd. (a)(1).) Effective January 1, 2022, Senate Bill No. 775 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 551, § 2) amended section 1172.6 to expand resentencing eligibility to persons convicted of attempted murder. In determining whether the petitioner has made a prima facie case for relief under section 1172.6, the trial court may rely on the record of conviction. (*People v. Lewis* (2021) 11 Cal.5th 952, 970-971.) The record of conviction includes the court's own documents, including "the trial evidence, the jury instructions, and closing arguments of counsel." (*People v. Lopez* (2022) 78 Cal.App.5th 1, 13.) As our Supreme Court explained, "The record of conviction will necessarily inform the trial court's prima facie inquiry . . . allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Lewis*, at p. 971.)

Here, defendant's petition lacks merit because he was convicted of conspiracy to commit murder, which necessarily required the jury to have found an intent to kill, and the record of conviction established defendant was not convicted of attempted murder under a natural and probable consequences theory. (*People v. Whitson* (2022) 79 Cal.App.5th 22, 34-35.) The information alleges defendant "did unlawfully and with malice aforethought attempt to kill" the victims. It further alleges defendant did so "willfully, deliberately, and with premeditation . . . ." There is no mention of "natural and probable consequences." The jury also was never instructed on the natural and probable consequences doctrine. Instead, the jury received instructions pertaining to aiding and abetting liability (CALCRIM Nos. 400 & 401). The court did *not* instruct on aiding and abetting based upon the natural and probable consequences (CALCRIM Nos. 402 & 403). The jury further received instructions pertaining to murder with malice aforethought (CALCRIM No. 520), and those instructions state defendant had to act with express malice. Finally, as noted *ante*, the jury convicted defendant of conspiracy to commit murder, which is a specific intent crime requiring the conspirator personally have

5

a specific intent to kill. The record accordingly demonstrates defendant is ineligible for relief.

Defendant's reliance on *Strong* is misplaced. As the trial court properly held, *Strong* does not apply to the instant case because it concerned felony murder. (*Strong*, *supra*, 13 Cal.5th at pp. 709-710.) Defendant was not charged with felony murder or any theory of felony murder. Instead, he was charged and convicted of attempted murder.

## DISPOSITION

The postjudgment order is affirmed.

SANCHEZ, J.

WE CONCUR:

GOETHALS, ACTING P. J.

MOTOIKE, J.